IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-JERSEY,

### AT MAY TERM, 1840.

---

NANCY THOMPSON, WHO WAS THE WIFE OF ROBERT THOMP-
SON, DEC'D, v. JAMES EGBERT, JUNIOR.

In Dower.   On demurrer to replication.

When the legislature in the first section of the supplement to the act relative
to Dower, *Rev. L.* 677, enacted that " if a husband shall devise to his wife,
by a will duly executed to pass real estate, any lands or real estate, for
life or otherwise &c., it shall be a bar to any claim of dower, unless she
shall in writing express her dissent thereto, and file the same, &c., in six
months &c.," it was meant and intended·that such devise should take effect
according to its terms.   No other construction can be put upon that sec-
tion, consistent with the general scope and end of our legislation on this
subject.

An eviction from the devised premises, without her fault, by title paramount,
or by legal sale for payment of testator's debts, cannot bar her of dower.

There is but one rule for the construction of statutes, and that must be applied
as well in a court of Equity as in a court of Law.   There is no relief
against the provisions of a statute, in any court.

It is a clear rule that such construction ought to be put upon a statute "as may
best answer the intention which the makers had in view."

459

This statute was designed as a rule of construction of wills and to determine the testator's intention, where he had not expressed it. And being in derogation of the common law rights of the widow, should as respects her, be liberally construed.

_ _ _ .

## STATE OF THE CASE.

The defendant pleads in substance as follows: That the said Robert Thompson, in and by his last will and testament duly executed to pass real estate, gave and devised to his wife, the said Nancy, the use of all his real estate not otherwise disposed of in said will; until his youngest son should arrive at the age of Twenty-one years; and without expressing in said will, whether such devise to her, was intended to be in lieu or bar of dower or not. That the said Nancy survived her said husband, and entered into possession of the said lands and real estate so devised to her, and did not in writing express her dissent to receive the lands or real estate so devised to her in satisfaction and bar of her right of dower, in the other lands and real estate devised in and by the said will, and file the same with the surrogate of the county wherein she resided, or in which the lands or real estate so devised to her, were situated, within six months after the probate of the said will, according to the statute in such case made and provided.

Also, in and by his plea, averring that the said lands &c. in which the said Nancy claims dower, is part of the said lands and real estate so devised to her as aforesaid.

The said demandant by her replication, replies in substance as follows: Admitting the said will and the devise to her as aforesaid and that the lands in which she claims dower, is part of the land so devised to her as aforesaid. Yet she says that the said lands and real estate in which she claims dower, together with all and singular the other lands and real estate devised to her for life or otherwise, in and by the said will, were after the death of her said husband and before the commencement of this suit, and without the consent of the said Nancy—to wit: on the 5th day of June, A. D 1833, sold and conveyed by the executors of the said Robert Thompson deceased, under and by virtue of certain orders and decrees of the Orphans' Court, in and for the county of Warren, for the purpose of paying the debts of the said tes-

tator, according to the statute in such case made and provided. By means whereof, the said Nancy was afterwards without any fraud or covin on her part, expulsed, evicted and deprived, of all and singular, the lands and real estate so devised to her, aforesaid, and of all use and enjoyment of the same, and prevented from receiving any lands or real estate for life or otherwise, under and by virtue of the said devise of her said husband, in satisfaction of her said dower. Of all which, the said defendant had notice at the time he purchased of the said executors, under the order of the said Orphans' Court, aforesaid.

Demurrer by Defendant to this Replication, and Joinder in Demurrer by Plaintiff.

*Williamson*, for demurrant.

*J. W. Miller*, contra.

DAYTON, J. By the first section of the act, *Rev. L.* 677, it is enacted, "If a husband shall hereafter devise to his wife, by a will duly executed to pass real estate, any lands or real estate for her life or otherwise, and without expressing whether such devise to her, is intended to be in lieu or bar of dower, or not, and the said wife shall survive her said husband, that then the said wife so surviving, shall not be entitled to dower in any lands or real estate devised by her said husband, unless she shall in writing express her dissent to receive the said lands or real estate so devised to her, in satisfaction and bar of her right of dower in the other lands and real estate devised in and by the said will," and file the same &c., within six months &c.

Had the demandant continued in possession of the lands devised, she would of course have been barred of dower by the section above recited, but she has been evicted. She has nothing now under the will. If by her temporary continuance in possession, she is deprived of her claim for dower, it is most manifestly against right. Whatever may be the literal signification of the words of the statute, it is contrary to the spirit and intent of the act, to make it embrace this case. In reference to jointures, if the widow be evicted of any part, it is expressly provided that she be endowed of a proportionate amount of the residue of her

husband's lands. So in reference to other testamentary provision in money or other chattel interest in satisfaction of dower; the court of Chancery, even after an acceptance and enjoyment thereof, by the widow, will allow her to refuse it and claim her dower, if it appear that she acted without full knowledge of the facts, and particularly of the situation of the estate, 4 *Kent C.* 57, *Note a.* This shows only the general leaning of our legislation and courts in favor of the rights of the widow. Lord Coke has told us that dower was one of the favorites of the law, but if the construction contended for by the defendant's counsel, be adopted, it certainly would be otherwise in the state of New-Jersey.

The effect of that construction in all similar cases, will be either to compel the widow to refuse the testamentary provision which is made in lieu of dower, at once, or take the hazard of the insolvency of the estate. Although there is no mode known to the law, by which she can acquire any precise knowledge of the outstanding debts, yet she must make her election in six months, and if the lands be afterwards sold for payment of debts, she is entirely stripped not only of the testamentary provision made for her, but of her common law right of dower. Nothing short of a manifestation of intent upon the part of the legislature, so clear as to leave no doubts, would justify a construction so harsh and unjust.

The defendant's counsel say that the demandant must have relief in equity, if at all; but there is nothing in this. If the construction contended for, be the true one, there is no help in a court of Equity. There is but one rule of construction for statutes, and that must be applied as well in a court of Equity, as in a court of Law. There is no relief against the provisions of a statute any where.

There is nothing plainer than that the general scope and intent of our legislation, has been to carry into effect, the will of the testator. This general intent characterizes the whole course of our legislation and judicial decisions. If we now declare that the widow has in this case, lost not only the testamentary provision made for her by her husband, but likewise her right of dower, we violate the intent of the testator clearly expressed in the will, as well as the wise and benevolent intent of

Thompson v. Egbert.

the law which has in general so carefully protected the rights of the widow.

I cannot doubt that when the legislature said "if a husband shall hereafter devise to his wife, by a will duly executed to pass real estate, any lands or real estate for life or otherwise," &c. it should be a bar to any claim for dower, unless &c. it was meant and intended that such devise should *take effect according to its terms.* No other construction can be put upon the section, consistent with the general scope and end of our legislation upon this subject. If the widow had continued to possess and enjoy the lands devised, according to the intent of the testator, she would have been barred by the statute, but having been ejected by title paramount, (without fault of her own, and in ignorance, as we must suppose, of the facts,) the devise has not taken effect according to the intent of the testator; the provisions of the will for her support, have failed, and clearly it was not the intent of the testator himself, nor of the statute to debar her of dower in such a case. And it is the intent of the testator, and the intent of the statute, be it remembered, which we are to carry into effect by our constructions.

It has been suggested that difficulties may grow out of this construction of the statute, which a court of law cannot conveniently settle; as where the widow shall be evicted of only a part of her testamentary provision. It is enough for the purposes of this case, that no such difficulty exists here; and should any such arise in a future case, it will only be another of the many instances growing out of this question of election, the difficulties of which have made it necessary that the same be referred to a court of equity, to meet the general justice of the case. No inconveniences, however, should deter us from giving such a construction to the statute, as is manifestly just in itself, and calculated to carry into effect, the intent of the testator, as well as the general object and intent of the law.

The demurrer must be over-ruled with costs.

NEVIUS, J. To the declaration or count in dower filed in this case, the defendant has pleaded that the husband of the demandant, by his will duly executed to pass real estate, devised to his wife the demandant, the use of all his real estate not otherwise disposed of in said will, until his youngest son attained the age of twenty-one years, without expressing whether such devise was intended to be in lieu of dower. That the demandant survived her husband, and entered upon the lands so devised, and did not express her dissent in writing to receive the said lands in satisfaction and bar of her dower in the other lands and real estate "devised in and by said will, and file the same with the surrogate of the county wherein she resided, or in which the lands so devised were situate, within six months after the probate of said will, according to the statute in such case provided : and averring that the said lands in which the demandant claims dower, is part of the lands so devised to her."

To this plea, the demandant has replied, admitting the will, the devise, and that the lands in question are part of the lands devised to her ; yet she says that the lands in which she claims dower, together with all other lands devised to her for life or otherwise by said will, were after her husband's death, and before the commencement of this suit, and without her consent, on the 5th of June, 1833, sold and conveyed by the executors of Robert Thompson, dec., her husband, by virtue of certain orders and decrees of the Orphans' Court of the county of Warren, for the payment of the testator's debts, pursuant to the statute. By means whereof, the said demandant was without any fraud or covin on her part, "expulsed, evicted and deprived of all the lands devised to her, and of all use and enjoyment of the same, and prevented from receiving any lands for life or otherwise by virtue of said devise, in satisfaction of her dower. Of which, the defendant had notice at the time he purchased said lands."

To this replication, the defendant has filed his demurrer, and the demandant, her joinder in demurrer.

By the first section of the supplement to the act relative to dower, *Elm. Dig.* 145, it is enacted "That if the husband shall devise to his wife, by will duly executed to pass real estate, any lands for her life or otherwise, and without expressing whether such devise is intended to be in lieu of dower or not, and such

wife shall survive her husband, she shall not be entitled to dower in any lands devised by her said husband, unless she shall in writing express her dissent to receive the lands so devised to her, in satisfaction and bar of the right of dower in the *other* lands devised in and by said will, and file the same with the surrogate &c., within six months after probate of said will."

The question presented by these pleadings, is, what is the legal construction of this section of the act? or whether the demandant not having filed her dissent to the devise within the time limited by law, can afterwards resort to her dower in the *same* lands devised to her.

If this statute is to receive a strict and literal construction, I apprehend it would be difficult for this court to give to the demandant that relief to which, the manifest justice of the case would seem to entitle her. For it cannot be denied that her case comes within the terms of the act. Here is a devise of lands to her, by a will duly executed, and she did not file her written dissent within the time limited for that purpose. But we are not bound to give such construction to the act as would most certainly defeat both the intention of the legislature and the will of the testator. It is a clear rule, that such construction ought to be put upon a statute " as may best answer the intention which the makers had in view ; " and although courts should not go too far in " *searching for the intent, out of the clear and plain words of the statute*," I feel warranted in the present case in construing the words " devise of lands," such a devise as may and can take effect and be enjoyed by the wife. And I can perceive no difference in a devise of lands to which the testator had no title, and a devise of lands which by the law of the state, are first subject to the payment of his debts, and wholly absorbed by such payment. In both cases, the devise wholly fails, and in the former it will hardly be pretended if the wife should without knowledge of the defect of title, accept the devise, that it would be a bar to her dower. The statute was clearly designed to release the testator's other lands from the charge of dower, but in consideration of some equivalent given to her ; and if that fails without any fraud or neglect of her own, but by the mere force of the statute relative to the payment of testator's debts, then the widow has received no consideration for her dower, and would not be barred

even if she had executed a release. Any other construction would tend to entrap the widow, and in many cases would tend to the most manifest injustice and oppression.

But this statute was designed as a rule of construction to wills, and to determine the intention of the testator where he had not expressed it. That is to say, where the testator devises lands to his wife without declaring such devise to be in lieu of dower, the statute steps in and declares such to be his intention and requires the wife to make her election within six months. As this provision is in derogation of the common law rights of the widow, it should receive a liberal construction as regards her. Had the testator declared this devise to be in lieu of dower, she would still have been entitled to her election, and had she accepted the devise and been afterwards evicted either on account of a defect of title, or by means of debts, or incumbrance upon it which she could not know, so that it entirely failed, I apprehend such devise could not be set up as a defence to her action of dower. To bar the wife by such acceptance, she must have made her election understandingly and with the full knowledge of the situation of the property devised. To carry out the intention of the testator and of the legislature, therefore, I am of opinion that the replication is a good answer to the plea, and that the demurrer should be over-ruled.

HORNBLOWER, C. J., and FORD, J., concurred. WHITE, J., did not hear the argument, and gave no opinion.

*Demurrer over-ruled.*